UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Melissa Potter et al.,
Plaintiff,

v.   Case No.: 1:25–cv–00323–JJM–AEM

Jeffrey Butler et al.,
Defendant.
_____/

**MOTION TO PROCEED UNDER PSEUDONYM**

NOW COMES Plaintiff John Doe and moves, pursuant to L.R. Gen 102(d) and Federal common law, *see, e.g., Doe v. Mass. Inst. of Tech.*, 46 F.4th 61 (1st Cir., 2022), for leave to proceed under the pseudonym "John Doe". (Mr. Doe's real name will be concurrently provided to the Court.) [1]

In support of the motion, the Plaintiff relies upon the Complaint, his attached declaration ("Doe Decl.") that is also done under pseudonym, and on the declaration of Shana Crandell ("Crandell Decl.") [2]

**Factual Basis for Motion**

This motion is based on the following facts:

1. Mr. Doe is a teacher at a public school teacher. Doe Decl. ¶ 3.

2. He was previously called into a meeting with a vice-principal after an image of him at a gay pride rally surfaced. Mr. Doe was informed that a parent had complained that she thought her child was being taught by a gay teacher. Doe Decl. ¶ 4. Mr. Doe does not want his perceived sexuality to be a distraction in the classroom. *Id.* ¶ 7.

---

[1] Mr. Doe does not expect that the adjudication of this motion shall require a hearing. However, Counsel stands ready to argue the motion orally if that would assist the Court.
[2] *See Doe*, 46 F.4th at 73 (discussing third party declarations in support of pseudonymity.)

1

3. After Mr. Doe complained about repetitive intrusion of raw sewage into his apartment, the Defendants began a pattern of frequent retaliatory inspections. During one of these inspections, the landlord found a private sexual object in a private place within Mr. Doe's apartment. Complaint ¶¶ 76-78. The object would tend to give the impression that Mr. Doe is gay. *Id.*

4. The landlord emailed Mr. Doe threatening to reveal the video. *Id.*

5. Mr. Doe left the untenable rental situation and the landlord brought an unnecessary and retaliatory eviction action against him. Complaint ¶¶ 86-87.

6. After the retaliatory eviction, Mr. Doe was unable to find subsequent rental premises and became homeless. Mr. Doe believes that his inability to find subsequent rental premises is due to landlords checking online eviction court dockets prior to renting to prospective tenants and seeing his name in those dockets. Doe Decl. ¶ 6.

7. Mr. Doe often lives out of his car and showers at the gym before working as a teacher. He believes that this information would be scandalous in his school and classroom. He does not want his lack of housing to become a distraction in the classroom. Doe Decl. ¶ 7.

8. The record of Mr. Doe's eviction case was sealed by the Rhode Island District Court at Mr. Doe's request. Crandell Decl. ¶ 5. Proceeding in the absence of a pseudonym would foreseeably re-associate his name with the eviction court record.

**Legal Standard**

A party desiring to proceed under a pseudonym in this District of Rhode Island must file a motion pursuant to LR CV 7. LR CV 102(d). That party must also provide their true name to the clerk of court simultaneously, who must restrict access to it. *Id.*

The standard for adjudicating such a motion is supplied by Federal common law. *See, e.g. Doe,* 46 F.4th at 68. "A district court adjudicating the need of a party to proceed under a pseudonym should balance the interests of the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account." *Id.* at 72. Applying these principals, the First Circuit has identified four "general categories" or "paradigm[s]" of cases where a pseudonym may be used. *Id.* at 71-72. "An order denying a litigant's motion to proceed under a pseudonym is immediately appealable under the collateral order doctrine." *Id.* at 66.

**Argument**

Mr. Doe has established that his circumstances fall under all four paradigms identified by the First Circuit as being appropriate for the use of a pseudonym, easily meeting the test set forth in *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61 (1st Cir., 2022). Moreover, Mr. Doe's arguments as to all four categories should overcome any quibble as to one, since "it is possible that a party whose case for pseudonymity appears weak when each paradigm is analyzed separately may nonetheless make a persuasive showing when multiple paradigms are implicated." *Id.* at 71.

I.   Mr. Doe Reasonably Fears Unusual Harm.

Mr. Doe meets the standard for using a pseudonym based on the first *Doe* category alone. The first relevant category is the situation where "a party reasonably fears that coming out of the shadows will cause him unusually severe harm." *Id.* His declaration establishes that if he is forced to litigate under his true name, he fears being publicly perceived as gay against his wishes. Doe Decl. ¶ 7. The harm is especially severe where, as here, the landlord has breached the tenant's privacy and sought to weaponize the private information gleaned therein. Mr. Doe's declaration also establishes that he has borne complaints at work where he has previously been perceived as having that orientation. Doe Decl. ¶ 3. The previous workplace complaints that Mr.

Doe faced when he has been perceived as gay establish "unusually severe harm" should he be associated with this action. (It is to be hoped that the majority of people do not suffer workplace complaints about their perceived immutable characteristics, rendering this harm "unusually severe" in the language of the common law.) This alone suffices to grant the motion. But there is more.

The revelation of Mr. Doe's true name would also expose him as having been a member of a second group of people who frequently suffer "unusual" discrimination: the unhoused. And Mr. Doe is a public school teacher who must regularly face a classroom of potentially unruly young people who may have less experience with the mores of civility than many adults. Doe Decl. ¶ 7. As a school teacher who has already suffered harassment both at school and from the Defendant-landlord for his perceived sexuality, Mr. Doe has demonstrated "unusual harm", such that he is entitled to proceed under a pseudonym.

II.     Identifying Mr. Doe Would Harm Innocent Third Parties.

Mr. Doe's affidavit establishes a reasonable fear that his exposure as the Plaintiff in the complaint (a person who is perceived as a sexual minority, owns at least one private sexual object, and has been unhoused) will lower the quality of discourse in his classroom. *See* Doe Decl. ¶ 7. This would harm him, as addressed above – but perhaps more importantly, it would harm his students. "The second paradigm involves cases in which identifying the would-be Doe would harm 'innocent non-parties.'" *Doe*, 46 F.4th at 71. Mr. Doe's students qualify as innocent non-parties under *Doe*. And it should be noted that the *Doe* court could easily have – and did not – cabin this category explicitly only to cases where the innocent third parties are themselves entitled to anonymity. Mr. Doe is additionally entitled to proceed under a pseudonym to protect the quality of his classes, and by, extension, avoid harm to his students.

III.   Identifying Mr. Doe Would Chill Other Victims of Sexual Harassment.

Mr. Doe's sexual harassment claim under the Fair Housing Act alleges that his landlord took advantage of him by threatening to reveal private facts of a sexual nature gleaned from his home. *See, e.g.* Complaint ¶¶ 363-68. Forcing his name to appear in public records would threaten him with the same harm, and would foreseeably cause others who have been sexually harassed to think twice about suing. "The third paradigm involves cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated." *Doe*, 46 F.4th at 71. The forced revelation of Mr. Doe's identity would have the perverse effect of chilling the very people who are most harmed by this kind of blackmail – those who, for whatever reason, cannot bear to have their private lives made public – from vindicating their rights against sexual and other forms of harassment.

IV.   Mr. Doe's Identity is Protected Under Rhode Island Law.

The Complaint alleges that the landlord-Defendants brought a retaliatory and fraudulent eviction action against Mr. Doe after he moved out pursuant to an agreement. Complaint ¶¶ 87-92. Mr. Doe struggled to find subsequent housing, believed this to be due to the record of the eviction case, and the state court sealed the eviction case at his request. *See* R.I. G.L. § 34-18-60 (sealing and unsealing of eviction case records); Crandell Decl. ¶ 5. The *Doe* decision specifies that pseudonymity is warranted in "suits that are bound up with a prior proceeding made confidential by law." 46 F.4th at 71. Here, the state court has determined that Mr. Doe's true name should disassociated with the eviction action filed against him. Crandell Decl. ¶ 5. Proceeding under his true name here would undo that. Comity for the state court's decision to seal that action is sufficient grounds alone under First Circuit precedent to allow the motion.

## Conclusion

The First Circuit contemplates that permission to procced under a pseudonym will ordinarily be provided if a case falls into one of the above categories. Mr. Doe's ample reasons for wishing to protect his privacy meet all four. The motion should be allowed.

Wherefore, Plaintiff John Doe requests that this Honorable Court:

1. Allow him to proceed under a pseudonym in this action;

2. Provide any other relief as is just and equitable under the circumstances.

> Respectfully submitted,
>
> Plaintiff John Doe,
>
> By his attorney,

Date: July 10, 2025

/s/Francis Curren/s/
Francis Curren
Curren Law, PLLC
RI Attorney Reg. # 11032
PO Box 5891
Providence, RI 02903
(401) 406-5550
frankcurren@currenlaw.com

Certificate of Service

By signing below, I certify that this document will be served on all Defendants with and in the same manner as the complaint.

/s/Francis Curren/s/