**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

_____

Melissa Potter et al.,
Plaintiff,

v.                                                    Case No.: 1:25–cv–00323–JJM–AEM

Jeffrey Butler et al.,
Defendant.
_____/

### PLAINTIFFS MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

NOW COME the Plaintiffs, by and through counsel, and move this Honorable Court pursuant to

LR CV 7(a)(5) for leave to submit a fifteen page sur-reply in opposition to the Defendant's

Motion to Dismiss. As grounds therefore, the Plaintiffs state as follows:

1.  On September 13, 2025 the Defendants in this action filed their sixty-six page Motion to

Dismiss for Failure to State a Claim with over one hundred pages of exhibits.

2.  On October 20, 2025 the Plaintiffs submitted a fifty-nine page opposition to the motion.

3.  On November 14, 2025, the Defendants filed a forty-three page Reply Memorandum.

4.  The Reply memorandum contained a number of new arguments that were not raised in

the original motion or anticipated in the drafting of the opposition. Among these are:

a.      The argument that the text of an allegedly fraudulently-made promise rebuts, at

the motion to dismiss stage, the promisor's fraudulent intent. (i.e. that the Defendants must

have intended to maintain the units that they rented, since they promised to maintain them.)

Reply at 4-5. This argument relies on general principles of contractual interpretation (where

fraud has not been alleged) and cites no fraud case.

1

b.      The argument, never made in the original motion, that the Defendants have a claim of right defense to the allegations of extortion. *See* Reply at 14-16. This argument misreads Rhode Island law to say that it provides a landlord the right to threaten to evict someone who asks for maintenance or sues the landlord, notwithstanding the Rhode Island Residential Landlord and Tenant Act's anti-retaliation provision at R.I. G.L. § 34-18-46.

c.      The new argument that a threat to wrongfully evict cannot constitute an extortionate threat of "injury to the … property or financial condition of another" pursuant to the Rhode Island state extortion statute, R.I. G.L. § 11-42-2, since that conduct also implicates R.I. G.L. § 34-18-46, which provides civil remedies and is not a listed RICO predicate. Reply at 16.

d.      A significantly expanded argument that landlords cannot engage in unlawful debt collection under RICO because they are in the real estate business and thus not in the business of "loan sharking".  This argument was made in one sentence in the Motion, *see* P's Mtn. at. 46, and now has been flushed out in reply to include analysis of a number of cases. Reply at 21-23.

e.      A new exhibit purporting to show that Plaintiff Krystie Wood's retaliation case against Mr. Butler and Elmwood Realty had been dismissed with prejudice by the state District Court, but not mentioning that the action is now before the Superior Court for a *de novo* proceeding under a separate docket number (PD-2025-0550).  The Plaintiffs argue that this decision on Ms. Wood's separate state law claim should impact other Plaintiffs' claims of extortion as a predicate act pursuant to RICO.

5.  The Plaintiffs wish to respond to the new arguments made in the Reply Memorandum and believe they can do so adequately in fifteen pages or less.

2

6.  LR CV 7(a)(5) provides that a sur-reply can be submitted with leave of court. The Local Rule does not elucidate the standard under which the Court should evaluate the request. The Plaintiffs submit that a (much shorter) sur-reply would assist the Court in analyzing the contentions the Defendants raise in their Reply Memorandum.

WHEREFORE, the Plaintiffs pray that this Honorable Court:

1.  Provide the Plaintiffs leave under LR CV 7(a)(5) to submit a sur-reply in opposition to the Motion to Dismiss;

2.  Grant the Plaintiffs one month from the allowance of this motion to submit their sur-reply.

3.  Grant such other relief as is just and equitable under the circumstances.

Respectfully submitted,
Plaintiffs,
By their attorney,

Date: December 9, 2025

/s/ Francis Curren /s/
Francis Curren (#11032)
Curren Law, PLLC
PO Box 5891
Providence, RI 02903
(401) 406-5550
frankcurren@currenlaw.com

Certificate of Service

By signing below I certify that on the date listed above this motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record. The document is available for viewing and downloading from the ECF system.

/s/ Francis Curren /s/

3