# EXHIBIT E

6th Division District Court

# Case Summary

### Case No. 6CA-2024-00134

| | | |
|---|---|---|
| **Esteven Rivera et al. v. Jeffrey Butler et al.** | § § | Location: **6th Division District Court** <br> Filed on: **01/02/2024** |

## Case Information

**Related Cases**
PD-2025-05550 (Related Case Number)

Case Type: Civil
Case Status: **10/08/2025  Closed**

**Statistical Closures**
10/08/2025  Bench Trial Disposition

## Party Information

| Plaintiff | Rivera, Esteven | Cramer, Samuel Edward <br> *Retained* |
|---|---|---|
| | | KARWASHAN, JOHN JOSEPH <br> *Retained* <br> WOOD, JENNIFER L. <br> *Retained* <br> LABINGER, LYNETTE J <br> *Retained* |
| | Rivera, Sylvia | WOOD, JENNIFER L. <br> *Retained* |
| | | LABINGER, LYNETTE J <br> *Retained* |
| | Towns, Jordan | WOOD, JENNIFER L. <br> *Retained* |
| | | LABINGER, LYNETTE J <br> *Retained* |
| | Wood, Krystie | Cramer, Samuel Edward <br> *Retained* |
| | | WOOD, JENNIFER L. <br> *Retained* <br> LABINGER, LYNETTE J <br> *Retained* |
| Defendant | Butler, Jeffrey | LITWIN, STEPHEN M. <br> *Retained* |
| | | COMLEY, HEATH <br> *Retained* <br> COMLEY, HEATH <br> *Retained* |
| | Elmwood Realty LLC | LITWIN, STEPHEN M. <br> *Retained* |

## Case Events

01/02/2024
Tenant Restraining Order Against Landlord Filed

Printed on 06/01/2026 at 4:31 PM

**6th Division District Court**

**Case Summary**

**Case No. 6CA-2024-00134**

| | |
|---|---|
| 01/04/2024 | Order Entered |
| 01/04/2024 | Summons Issued |
| 01/04/2024 | Summons Issued |
| 01/05/2024 | Voluntarily Dismissed |
| 01/05/2024 | Entry of Appearance |
| 01/09/2024 | Alternative Service Returned Served |
| 01/10/2024 | Order Entered |
| 01/16/2024 | Entry of Appearance |
| 01/22/2024 | Objection Filed |
| 01/24/2024 | Answer Filed |
| 02/05/2024 | Order Entered |
| 02/26/2024 | Notice Sent |
| 02/26/2024 | Notice Sent |
| 02/26/2024 | Notice Sent |
| 02/26/2024 | Notice Sent |
| 02/26/2024 | Notice Sent |
| 02/26/2024 | Notice Sent |
| 02/26/2024 | Notice Sent |
| 02/26/2024 | Notice Sent |
| 02/29/2024 | Notice Sent |
| 02/29/2024 | Notice Sent |
| 02/29/2024 | Notice Sent |
| 02/29/2024 | Notice Sent |
| 02/29/2024 | Notice Sent |
| 02/29/2024 | Notice Sent |
| 02/29/2024 | Notice Sent |
| 02/29/2024 | Notice Sent |

6th Division District Court
**Case Summary**

**Case No. 6CA-2024-00134**

04/05/2024    Entry of Appearance

04/18/2024    Entry of Appearance

04/24/2024    Notice Sent

04/24/2024    Notice Sent

04/24/2024    Notice Sent

04/24/2024    Notice Sent

04/24/2024    Notice Sent

04/24/2024    Notice Sent

04/24/2024    Notice Sent

04/24/2024    Notice Sent

04/24/2024    Order Entered

05/09/2024    Case Dismissed with Prejudice

06/06/2024    Notice Sent

06/06/2024    Notice Sent

06/06/2024    Notice Sent

06/06/2024    Notice Sent

06/06/2024    Notice Sent

06/06/2024    Notice Sent

06/06/2024    Notice Sent

06/06/2024    Notice Sent

06/06/2024    Notice Sent

06/21/2024    Notice Sent

06/21/2024    Notice Sent

06/21/2024    Notice Sent

06/21/2024    Notice Sent

06/21/2024    Notice Sent

06/21/2024    Notice Sent

6th Division District Court

**Case Summary**

**Case No. 6CA-2024-00134**

06/21/2024   📄
Notice Sent

06/21/2024   📄
Notice Sent

06/21/2024   📄
Notice Sent

07/02/2024   📄
Notice Sent

07/02/2024   📄
Notice Sent

07/02/2024   📄
Notice Sent

07/02/2024   📄
Notice Sent

07/02/2024   📄
Notice Sent

07/02/2024   📄
Notice Sent

07/02/2024   📄
Notice Sent

07/02/2024   📄
Notice Sent

07/02/2024   📄
Notice Sent

07/02/2024   📄
Order Entered

07/30/2024   📄
Notice Sent

07/30/2024   📄
Notice Sent

07/30/2024   📄
Notice Sent

07/30/2024   📄
Notice Sent

07/30/2024   📄
Notice Sent

07/30/2024   📄
Notice Sent

07/30/2024   📄
Notice Sent

07/30/2024   📄
Notice Sent

07/30/2024   📄
Notice Sent

07/30/2024   📄
Order Entered

09/10/2024   📄
Notice Sent

09/10/2024   📄
Notice Sent

09/10/2024   📄
Notice Sent

09/10/2024   📄
Notice Sent

6th Division District Court
**Case Summary**

**Case No. 6CA-2024-00134**

09/10/2024    📄
Notice Sent

09/10/2024    📄
Notice Sent

09/10/2024    📄
Notice Sent

09/10/2024    📄
Notice Sent

09/10/2024    📄
Notice Sent

10/29/2024    📄
Notice Sent

10/29/2024    📄
Notice Sent

10/29/2024    📄
Notice Sent

10/29/2024    📄
Notice Sent

11/19/2024    📄
Notice Sent

11/19/2024    📄
Notice Sent

11/19/2024    📄
Notice Sent

11/19/2024    📄
Notice Sent

11/19/2024    📄
Notice Sent

11/19/2024    📄
Notice Sent

11/19/2024    📄
Notice Sent

11/19/2024    📄
Notice Sent

11/19/2024    📄
Notice Sent

12/03/2024    📄
Notice Sent

12/03/2024    📄
Notice Sent

12/03/2024    📄
Notice Sent

12/03/2024    📄
Notice Sent

12/03/2024    📄
Notice Sent

12/03/2024    📄
Notice Sent

12/03/2024    📄
Notice Sent

12/03/2024    📄
Notice Sent

12/03/2024    📄
Notice Sent

**6th Division District Court**

## Case Summary

**Case No. 6CA-2024-00134**

| | |
|---|---|
| 12/16/2024 | Notice Sent |
| 12/16/2024 | Notice Sent |
| 12/16/2024 | Notice Sent |
| 12/16/2024 | Notice Sent |
| 12/16/2024 | Notice Sent |
| 12/16/2024 | Notice Sent |
| 12/16/2024 | Notice Sent |
| 12/16/2024 | Notice Sent |
| 12/16/2024 | Notice Sent |
| 01/22/2025 | Notice Sent |
| 01/22/2025 | Notice Sent |
| 01/22/2025 | Notice Sent |
| 01/22/2025 | Notice Sent |
| 01/22/2025 | Notice Sent |
| 01/22/2025 | Notice Sent |
| 01/22/2025 | Notice Sent |
| 01/22/2025 | Notice Sent |
| 01/22/2025 | Notice Sent |
| 02/18/2025 | Notice Sent |
| 02/18/2025 | Notice Sent |
| 02/18/2025 | Notice Sent |
| 02/18/2025 | Notice Sent |
| 02/18/2025 | Notice Sent |
| 02/18/2025 | Notice Sent |
| 02/18/2025 | Notice Sent |
| 02/18/2025 | Notice Sent |
| 02/18/2025 | Notice Sent |

6th Division District Court
## Case Summary

**Case No. 6CA-2024-00134**

03/10/2025    Notice Sent - D.C. Civil Rule 4(j)

03/10/2025    Notice Sent - D.C. Civil Rule 4(j)

03/10/2025    Notice Sent - D.C. Civil Rule 4(j)

03/10/2025    Notice Sent - D.C. Civil Rule 4(j)

03/17/2025    Notice Returned Undeliverable

03/24/2025    Notice Sent - D.C. Civil Rule 4(j)

03/24/2025    Notice Sent - D.C. Civil Rule 4(j)

03/24/2025    Notice Sent - D.C. Civil Rule 4(j)

03/24/2025    Notice Sent - D.C. Civil Rule 4(j)

03/24/2025    Notice Sent - D.C. Civil Rule 4(j)

03/24/2025    Notice Sent - D.C. Civil Rule 4(j)

03/24/2025    Notice Sent - D.C. Civil Rule 4(j)

03/24/2025    Notice Sent - D.C. Civil Rule 4(j)

03/24/2025    Notice Sent - D.C. Civil Rule 4(j)

05/05/2025    Order Entered

05/05/2025    Notice Sent

05/05/2025    Notice Sent

05/05/2025    Notice Sent

05/05/2025    Notice Sent

05/05/2025    Notice Sent

05/05/2025    Notice Sent

05/05/2025    Notice Sent

05/05/2025    Notice Sent

05/05/2025    Notice Sent

06/25/2025    Notice Sent

06/25/2025    Notice Sent

06/25/2025    Notice Sent

6th Division District Court
## Case Summary

**Case No. 6CA-2024-00134**

| | | |
|---|---|---|
| 06/25/2025 | | Notice Sent |
| 06/25/2025 | | Notice Sent |
| 06/25/2025 | | Notice Sent |
| 06/25/2025 | | Notice Sent |
| 06/25/2025 | | Notice Sent |
| 06/25/2025 | | Notice Sent |
| 07/16/2025 | | Notice Sent |
| 07/16/2025 | | Notice Sent |
| 07/16/2025 | | Notice Sent |
| 07/16/2025 | | Notice Sent |
| 07/16/2025 | | Notice Sent |
| 07/16/2025 | | Notice Sent |
| 07/16/2025 | | Notice Sent |
| 07/16/2025 | | Notice Sent |
| 07/16/2025 | | Notice Sent |
| 08/05/2025 | | Notice Sent |
| 08/05/2025 | | Notice Sent |
| 08/05/2025 | | Notice Sent |
| 08/05/2025 | | Notice Sent |
| 08/05/2025 | | Notice Sent |
| 08/05/2025 | | Notice Sent |
| 08/05/2025 | | Notice Sent |
| 08/05/2025 | | Notice Sent |
| 08/05/2025 | | Notice Sent |
| 10/08/2025 | | Case Dismissed with Prejudice |
| 10/14/2025 | | Notice of Appeal Filed |
| 10/14/2025 | | Appealed to Superior Court |
| 10/17/2025 | | Requested Recording Completed |

**6th Division District Court**

**Case Summary**

**Case No. 6CA-2024-00134**

---

## Hearings

01/04/2024   **Hearing on Motion for Temporary Restraining Order**   (9:00 AM)   (Judicial Officer: Goldman, Brian A.)
*Hearing Concluded*

01/10/2024   *CANCELED* **Hearing on Restraining Order - Tenant/Landlord**   (9:00 AM)   (Judicial Officer: DuBose, Melissa)
*At the request of Plaintiff's Attorney*

02/29/2024
**Status Conference**   (10:00 AM)   (Judicial Officer: DuBose, Melissa)
*Hearing Continued*

04/24/2024
**Hearing on Status**   (2:00 PM)   (Judicial Officer: Goldman, Brian A.)
*Hearing Continued*

06/05/2024
**Hearing on Status**   (11:00 AM)   (Judicial Officer: Goldman, Brian A.)
*Hearing Passed*

06/21/2024
*CANCELED* **Hearing on Status**   (9:00 AM)   (Judicial Officer: Gorman (Retired), Walter)
*At the request of Plaintiff's Attorney*

07/02/2024
**Hearing on Status**   (11:00 AM)   (Judicial Officer: Goldman, Brian A.)
*Hearing Continued*

07/30/2024
**Hearing on Status**   (9:00 AM)   (Judicial Officer: Goldman, Brian A.)
*Hearing Continued*

09/10/2024
**Hearing on Status**   (9:00 AM)   (Judicial Officer: DeCarvalho, Kas R.)
*Hearing Continued by Agreement*

10/29/2024
**Hearing on Status**   (9:00 AM)   (Judicial Officer: DeCarvalho, Kas R.)
*Hearing Continued*

11/19/2024   **Hearing on Status**   (9:00 AM)   (Judicial Officer: Gorman (Retired), Walter)
*Hearing Continued*

12/03/2024
**Hearing on Status**   (10:00 AM)   (Judicial Officer: DeCarvalho, Kas R.)
*Hearing Continued*

12/17/2024
*CANCELED* **Hearing on Status**   (10:00 AM)   (Judicial Officer: DeCarvalho, Kas R.)
*At the request of Plaintiff's Attorney*

01/22/2025
*CANCELED* **Hearing on Status**   (10:00 AM)   (Judicial Officer: DeCarvalho, Kas R.)
*At the request of Plaintiff's Attorney*

02/20/2025
*CANCELED* **Hearing on Status**   (10:00 AM)   (Judicial Officer: Gorman (Retired), Walter)
*At the request of Plaintiff's Attorney*

03/11/2025
*CANCELED* **Hearing on Status**   (9:00 AM)   (Judicial Officer: DeCarvalho, Kas R.)
*At the request of Plaintiff's Attorney*

03/25/2025
*CANCELED* **Hearing on Status**   (9:00 AM)   (Judicial Officer: DeCarvalho, Kas R.)
*At the request of Plaintiff's Attorney*

04/22/2025
*CANCELED* **Hearing on Status**   (9:00 AM)   (Judicial Officer: Trezvant, William J.)
*At the request of Plaintiff's Attorney*

05/05/2025   **Hearing on Status**   (9:00 AM)   (Judicial Officer: DeCarvalho, Kas R.)

**6th Division District Court**

## Case Summary

**Case No. 6CA-2024-00134**

*Hearing Concluded*

06/25/2025  **Trial**  (10:00 AM)  (Judicial Officer: Trezvant, William J.)
*Hearing Continued*

07/16/2025  **Status Conference**  (11:00 AM)  (Judicial Officer: Trezvant, William J.)
*Hearing Continued*

08/05/2025  **Status Conference**  (9:00 AM)  (Judicial Officer: DeCarvalho, Kas R.)
*Hearing Concluded*

10/07/2025  **Trial**  (2:00 PM)  (Judicial Officer: DeCarvalho, Kas R.)
*Hearing Continued*

10/08/2025  **Trial**  (2:00 PM)  (Judicial Officer: DeCarvalho, Kas R.)
*Hearing Concluded*

---

## Financial Information

**Plaintiff**     Rivera, Esteven
Total Financial Assessment                                                                 150.75
Total Payments and Credits                                                                150.75
**Balance Due as of 06/01/2026**                                                          **0.00**

| Date | Description | Receipt | Amount |
|---|---|---|---|
| 01/02/2024 | Transaction Assessment | | 100.75 |
| 01/02/2024 | Electronic Payment | Receipt # DC6D-2024-000197 | (100.75) |
| 10/14/2025 | Transaction Assessment | | 50.00 |
| 10/14/2025 | Counter Payment | Receipt # DC6D-2025-018241 | (50.00) |
| 10/15/2025 | Transaction Assessment | | 50.00 |
| 10/15/2025 | Adjustment | | (50.00) |

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

<table>
<tr><td>

**STATE OF RHODE ISLAND**
**PROVIDENCE**

</td><td>

**DISTRICT COURT**
**SIXTH DIVISION**

</td></tr>
</table>

| | |
|---|---|
| Esteven Rivera, Sylvia Rivera, Jordan Towns, and Krystie Wood<br><br>v.<br><br>Jeffrey Butler; Elmwood Realty, LLC<br>   *Defendants* | Case No. 6CA-2023- |

## VERIFIED COMPLAINT

NOW COME PLAINTIFFS, who by and through counsel, bring this complaint for retaliatory conduct against Defendants Jeffrey Butler and Elmwood Realty pursuant to R.I.G.L. § 34-18-46. This claim arises out of statements made and actions taken by Defendants threatening to evict Plaintiffs because they associated with a tenant organization and/or engaged in organizing efforts with a tenant organization and tenant organizers from Reclaim RI, a Domestic Non-Profit Corporation that organizes tenants for the purposes of providing mutual aid and protection.

## PARTIES

1.  Plaintiff Esteven Rivera is a resident of Rhode Island and tenant residing at 136 Harrison Street Apartment 14 Pawtucket, RI 02860.

2.  Plaintiff Sylvia Rivera is a resident of Rhode Island and tenant residing at 136 Harrison Street Apartment 14 Pawtucket, RI 02860.

3.  Plaintiff Jordan Towns is a resident of Rhode Island and tenant residing at 136 Harrison Street Apartment 2, Pawtucket, RI 02860.

1

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM    Document 27-5    Filed 06/01/26    Page 13 of 46 PageID
#: 731

4. Plaintiff Krystie Wood is a resident of Rhode Island and tenant residing at 73 Roberts Street Unit 4 West Warwick, RI 02893.

5. Defendant Jeffrey Butler, upon information and belief, is a resident of Rhode Island and managing member and agent of Elmwood Realty, LLC.

6. Defendant Elmwood Realty LLC is a Domestic Limited Liability Company with a principal place of business at 2077 Elmwood Avenue Warwick, RI 02886. Elmwood Realty, LLC also operates under the registered fictitious name Elmwood Property Management. Defendant is hereinafter referred to as "Elmwood Realty."

## JURISDICTION AND VENUE

7. Jurisdiction in the District Court is proper pursuant to R.I.G.L. § 8-8-3(a)(2) as this action is brought by several tenants against their common landlord pursuant to R.I.G.L. § 34-18-46.

8. Venue is appropriate in the Sixth Division pursuant to R.I.G.L. § 9-4-3 because one of the parties resides in a municipality within this Division.

## STATEMENT OF FACTS

9. Plaintiffs are all tenants residing in the above-identified dwellings in residential properties of which Elmwood Realty is the landlord and Butler is the principal manager and agent. Each Plaintiff's apartment is hereinafter referred to as his or her "dwelling."

10. At various dates commencing in September 2023 and continuing to the present, each of the plaintiffs associated with, and/or engaged in organizing efforts with, a tenant organization called Reclaim RI, a domestic non-profit corporation that exists in part to

2

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

bring tenants together in campaigns to vindicate their rights under Rhode Island law and provide mutual aid and protection.

11. Upon information and belief, on or before October 13, 2023, Defendants were aware that tenant organizers of Reclaim RI were canvassing Elmwood Realty properties and speaking with tenants of Elmwood Realty in an effort to identify and organize tenants to join their organization and organize themselves to address common concerns about their rented dwellings.

12. Plaintiff Jordan Towns began speaking with Reclaim RI organizers Shana Crandell and Cherie Cruz in September 2023 and through his association with Reclaim RI, Towns learned of his right to call the code enforcement agency of the City of Pawtucket to attempt to remedy unaddressed defects in his dwelling.

13. Mr. Towns, following the advice of Reclaim RI, did call the code enforcement agency of the City of Pawtucket on September 28, 2023.

14. On September 29, 2023, Mr. Butler telephoned Plaintiff Jordan Towns and told Mr. Towns that he was aware Mr. Towns had begun organizing with Reclaim RI and that Butler would terminate Mr. Towns' tenancy because of that organizing.

15. Later the same day, another agent of Elmwood Realty hand delivered a termination of tenancy notice to Mr. Towns stating that Elmwood Realty was terminating his tenancy on November 1, 2023. A copy of the notice is attached hereto and incorporated herein as Exhibit A.

16. On September 29, 2023, Plaintiffs Esteven and Sylvia Rivera met with Reclaim RI organizers Shana Crandell and Cherie Cruz to discuss unaddressed defects in their dwelling.

3

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM    Document 27-5    Filed 06/01/26    Page 15 of 46 PageID
#: 733

17. As a result of this conversation, Mr. and Mrs. Rivera learned of their right to call the code enforcement agency of the City of Pawtucket. Mr. and Mrs. Rivera called the code enforcement agency of the City of Pawtucket on October 10, 2023.

18. On October 13, 2023, the Code Enforcement Office of the City of Pawtucket performed an inspection of the Riveras' apartment and cited Elmwood Realty and Jeffrey Butler with the following violations:

    i.   Broken doors in the bedroom and leading to the porch;

    ii.  A mouse infestation;

    iii. Problems with the bathroom and kitchen plumbing;

    iv.  Problems with the kitchen cabinets;

    v.   Problems with the bathroom floor;

    vi.  Problems with the fire and/or carbon monoxide detectors.

    A copy of the inspection/citation report is attached hereto as Exhibit B and incorporated herein.

19. On October 13, 2023, Mr. Butler on behalf of Elmwood Realty sent an email to numerous tenants, including but not limited to each of the Plaintiffs, stating Defendants' opposition to the tenant organizing efforts of Reclaim RI and threatening termination of tenancy to any tenant who associates with the tenant organization. A full text of the email is attached hereto as Exhibit C and incorporated herein. The email includes the statement: "if you make a choice to engage with this Reclaim RI group, I will consider that you have now dissolved our relationship and when your tenancy is over, we will ask you to vacate."

20. In a phone conversation with Sylvia Rivera on October 19, 2023, Mr. Butler told Mrs. Rivera that he knew that she and Mr. Rivera were working with Reclaim RI.

4

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM    Document 27-5    FILED 06/01/26    Page 16 of 46 PageID #: 734

21. Also on October 19, 2023, Mr. Butler left a lengthy voicemail on the phone of Reclaim RI organizer Cherie Cruz to warn her and Reclaim RI that tenants who associated with or were receptive to their organizing efforts were going to be evicted.

   a. A transcript of the complete voicemail is attached hereto as Exhibit D and incorporated herein.

   b. Among other things, Butler stated: "This is Jeff Butler from Elmwood Realty and I just want to let you know if any time you talk to any of my tenants, the tenants are gonna get a 30 day notice to vacate the premises. They have all been notified not to talk to you Reclaim RI pot smoking hippies, OK, I've already told them all....You are creating problems with these poor tenants, who didn't do anything to deserve this and I'm gonna make sure everybody knows it. And I'm putting you on notice that you talk to my tenants, they give me your name and they will be evicted."

   c. Among other things, Butler stated: "...you are only hurting tenants. You got two evicted last week, you got one evicted today. And all you do is emptying [sic] out my apartments and I clean them up and I re-rent them to somebody else. And now we're adding to the lease now not to talk to you folks."

22. On or about October 19, 2023, Mr. Butler left a lengthy voicemail on the phone of Reclaim RI organizer Shana Crandall to warn her and Reclaim RI that tenants who associated with or were receptive to their organizing efforts were going to be evicted.

   a. A transcript of the complete voicemail is attached hereto as Exhibit E and incorporated herein.

5

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

b.  Among other things, Butler stated: "I've notified my tenants that if you folks bother them and they let me know or you try to help them in any way which you're not, you're hurting them, that they will be asked to move out when their lease is up. Some are on month to month. So you're not helping the tenants at all, you're not advocating for them."

c.  Among other things, Butler stated: "You already caused two tenants to get evicted last week, another one this morning …you are only hurting people. You are creating homelessness."

23. Also on October 19, 2023, an agent of Elmwood Realty, accompanied by several other men, hand delivered a termination of tenancy notice to Mr. Rivera purporting to terminate their tenancy on January 1, 2023. A copy of the notice is attached hereto as Exhibit F and incorporated herein.

24. Mr. Rivera immediately showed this termination of tenancy notice to his wife and they decided to call both Reclaim RI and the local police to come to the house because they felt intimidated after being approached by so many people. A copy of the police report is attached hereto as Exhibit G and incorporated herein.

25. Mr. Rivera has been recruited by Reclaim RI to be one of the tenant leaders in their continuing efforts to organize a tenants' union among Elmwood Realty tenants. Mr. Rivera attends leadership meetings and continues to talk to his neighbors when he sees them around the property about their common struggles with Elmwood Realty and the value of engaging in concerted action to vindicate their rights as tenants.

26. The Riveras are scared that if they are faced with an eviction because they engaged with Reclaim RI, they will have nowhere to go because their only source of income is

6

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM    Document 27-5    FILED 06/01/26    Page 18 of 46 PageID #: 736

Supplemental Social Security Insurance and affordable apartments are extremely hard to find in the current housing market.

27. Plaintiff Krystie Wood first met with Reclaim RI in September, 2023, when organizers Shana Crandell and Cherie Cruz came to her door as part of their outreach efforts.

28. Ms. Wood described the problems she was having with her apartment, including but not limited to ongoing and unaddressed defects in her dwelling.

29. Ms. Cruz and Ms. Crandell invited Ms. Wood to join a Reclaim RI group chat, which served as a space for tenants and Reclaim organizers to discuss their ongoing problems with Elmwood Realty, suggest solutions, and offer support to each other.

30. Because of her association with Reclaim RI, Ms. Wood learned of her right to call West Warwick Code Enforcement, which she did.

31. On the morning of November 7, 2023, a man that Ms. Wood did not know approached her door and asked to come in. Ms. Wood could see from her window that the stranger was accompanied by 4 or 5 other men who waited outside on the street.

32. Although the man claimed to be from the fire department, he was not in uniform and provided no credentials upon Ms. Wood's request. Ms. Wood denied him entry to her dwelling after which the man and his companions left the vicinity.

33. After Ms. Wood declined entry, she reached out to Reclaim RI representatives Cruz and Crandall, who came to visit her, parking nearby.

34. Shortly after Ms. Cruz and Ms. Crandell arrived, the same 4 or 5 men from earlier returned to the area and parked near the Reclaim RI representatives. Mr. Butler joined them about 10 minutes later.

7

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM    Document 27-5    Filed 06/01/26    Page 19 of 46 PageID #: 737

35. Shortly thereafter, the same stranger returned to Ms. Wood's dwelling requesting entry. This time, he advised that he worked for Mr. Butler and that Mr. Butler had instructed him to enter the apartment over Ms. Wood's objection.

36. Ms. Wood turned the man away again because she had not received adequate notice of Elmwood Realty's desire to enter her dwelling.

37. Shortly thereafter, Ms. Wood left her dwelling and met Ms. Cruz and Ms. Crandell on the street and within a clear line of sight of Mr. Butler and his workers. Ms. Cruz and Ms. Crandell comforted Ms. Wood and spoke to her about the incident.

38. Mr. Butler and his workers left the area shortly after Ms. Wood came down to meet Ms. Cruz and Ms. Crandell.

39. Later that day, in Ms. Wood's absence, Defendants posted a 48-hour notice to enter and a termination of tenancy notice taped to her door. A copy of this notice is attached hereto as Exhibit H and is incorporated herein.

40. Ms. Wood has, since this incident, attended Reclaim RI meetings to continue efforts to engage her neighbors to form a tenants' union.

41. However, Ms. Wood is scared to continue her organizing efforts because she fears the repercussions she will face from Elmwood Realty and Mr. Butler if she does so. She fears being evicted and fears that more groups of strangers may come to her dwelling unannounced.

42. Mr. Butler's threats to terminate Plaintiffs' tenancies are especially frightening to Plaintiffs in light of the current housing market in Rhode Island, which is marked by limited rental availability, high rents, and unaffordable rents for persons of limited

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM    Document 27-5    Filed 06/01/26    Page 20 of 46 PageID #: 738

means.[1] Great demand for the limited affordable housing available has produced historically high levels of homelessness.[2]

43. Plaintiffs all live on limited means and affordable rental housing in Rhode Island is scarce. Plaintiffs justifiably fear that an eviction would render them homeless.

44. Plaintiffs Esteven and Sylvia Rivera's monthly rent is $1,150.

45. Plaintiff Jordan Towns' monthly rent is $995.

46. Plaintiff Krystie Wood's monthly rent is $1,700.

47. Each Plaintiff is current in his or her monthly rent.

## COUNT I

### Retaliation: R.I.G.L. § 34-18-46

48. Paragraphs 1-47 are hereby incorporated by reference as if fully stated and alleged herein.

49. R.I.G.L. § 34-18-46 provides that "a landlord may not retaliate by…threatening to bring an action for possession because…[a] tenant has organized or become a member of a tenant's union or similar organization…or…has availed himself or herself of any other lawful rights and remedies." R.I.G.L. § 34-18-46(a)(3) and (4).

---

[1] See Housing Works RI, 2023 Housing Fact Book, 2 (2023) ((RIHousing's 2022 Rental Survey noted the statewide average for a 2-bedroom apartment as $1,996, which would require an income of nearly $80,000 to affordably rent; this exceeds the state's median household income by more than $5,000 and the median renter income by nearly $40,000.). See also Id. At 9 ("Based on 2022 average 2-bedroom apartment rents, a household earning the state's median renter household income of $41,277 could afford to rent in only one Rhode Island town.") https://d337wih8hx5yft.cloudfront.net/documents/Housing-Fact-Books/2023HFB.pdf. Plaintiffs all earn less than the state median renter income.

[2] See Id. at 16. ("Data from US HUD's Point-in-Time Count—the annual count of sheltered and unsheltered people experiencing homelessness—show record highs of individuals and of those who are chronically homeless. A comparison of these numbers from prior to the beginning of the pandemic in 2019 to 2023 show stark increases across all household types. The critical shortage of homes available to Rhode Islanders with little or no income has increased the visibility of this crisis, especially within certain municipalities.").

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM    Document 27-5    Filed 06/01/26    Page 21 of 46 PageID
#: 739

50. Reclaim RI is a tenants' union and has been treated by Defendants as a tenants' union or an organization similar to a tenant's union.

51. Defendants' statements and actions are clearly designed to harass and intimidate Plaintiffs not to associate with or join a tenant union and threaten eviction if they continue.

52. Plaintiffs are all either members of Reclaim RI or engaged in organizing with Reclaim RI.

53. Mr. Butler and Elmwood Realty threatened to bring an action for possession against Plaintiffs because Plaintiffs are organizing or becoming members of a tenant's union or similar organization.

54. Mr. Butler and Elmwood Realty have also threatened to bring an action for possession against all Plaintiffs because of their exercise of lawful rights and remedies.

55. R.I.G.L §34-18-46 guarantees Plaintiffs the right to be free from retaliation and harassment for tenant organizing or being involved with a tenant union or similar organization and entitles them to the remedies provided in R.I.G.L. § 34-18-34 for Defendants' actions, including continued possession of the premises, damages in the amount of three (3) months periodic rent or threefold their actual damages, and reasonable attorney's fees. R.I.G.L. § 34-18-46(b).

56. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that the Court:

1. Pending hearing on the merits, grant temporary restraining order and preliminary injunctive relief enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with

10

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM    Document 27-5    Filed 06/01/26    Page 22 of 46 PageID #: 740

them who receive actual notice of the order by personal service or otherwise, from (a) commencing or pursuing eviction proceedings based upon the notices of termination of tenancy issued to any Plaintiff as of the date of the injunction; (b) issuing any notice of termination of tenancy to any Plaintiff for reasons other than non-payment of rent until this matter can be heard on the merits; and (c) from interfering with Plaintiffs' access to Reclaim RI representatives who are social guests of the Plaintiffs.

2. After hearing on the merits, grant permanent injunction permanently enjoining Defendants, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from (a) commencing or pursuing eviction proceedings based upon the notices of termination of tenancy issued to any Plaintiff as of the date of the injunction; (b) issuing any notice of termination of tenancy to any Plaintiff for reasons other than (i) non-payment of rent or (ii) a specific reason based upon non-compliance with terms of lease or rental agreement; (c) from speaking with Plaintiffs concerning the association with Reclaim RI; (d) from interfering with Plaintiffs' access to Reclaim RI representatives who are social guests of the Plaintiffs; (e) threatening to evict any tenant of Defendants' residential properties in Rhode Island for any involvement with or membership in Reclaim RI;

3. Award each Plaintiff three times their actual damages or damages in the amount of three months' periodic rent, whichever is greater, and statutory interest thereon;

4. Award each Plaintiff their costs and attorney's fees; and

5. Grant such further relief as the Court deems just and proper.

11

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM   Document 27-5   Filed 06/01/26   Page 23 of 46 PageID #: 741

Respectfully Submitted,

Plaintiffs
By their Attorneys,

/s/ Samuel E. Cramer
Samuel E. Cramer, Esq. #10290
/s/ Jennifer L. Wood
Jennifer L. Wood, Esq. #3582
/s/ John Karwashan, Esq.
John Karwashan, Esq. #9516
The R.I. Center for Justice
1 Empire St. Suite 410
Providence, RI 02903
401-216-7298
scramer@centerforjustice.org
jwood@centerforjustice.org
jkarwashan@centerforjustice.org

/s/ Lynette Labinger
Lynette Labinger, Esq. #1645
128 Dorrance Street, Box 710
Providence, RI  02903
401-465-9565
LL@labingerlaw.com

Cooperating counsel
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF RHODE ISLAND

12

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM    Document 27-5    Filed 06/01/26    Page 24 of 46 PageID #: 742

**VERIFICATION**

I, _Krystie Wood_, first being duly sworn, do hereby state under oath and under penalties of perjury as follows:

1.      I am one of the Plaintiffs in the above-captioned complaint.

2.      I have read the complaint and it is true and correct to the best of my knowledge, information, and belief.

_12/28/23_
Date

_____
Print name

Subscribed and sworn to this _28_ day of _December_, 202_3_ before me, a Notary Public.

_John Karwashan #769883_
Notary Public   Exp Jan 12, 2027

JOHN KARWASHAN # 769883
Notary Public, State of Rhode Island
My Commission Expires January 12, 2027

13

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM    Document 27-5    Filed 06/01/26    Page 25 of 46 PageID #: 743

# EXHIBIT A

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM   Document 27-5   Filed 06/01/26   Page 26 of 46 PageID #: 744

## DISTRICT COURT

### NOTICE OF TERMINATION OF TENANCY
(G.L. 1956 § 34-18-37)

Date of Mailing: 9-29-23

Name: Jordan Towns

Address: 136 Harrison Street, Unit 2

City: Pawtucket | State: Rhode Island | Zip Code: 02860

You are hereby directed to vacate and remove your property and personal possessions from the premises located at 136 Harrison Street, Unit 2, Pawtucket, RI 02860 and deliver control of the premises to the Landlord/Owner on the first day after the end of your current rental period, namely November 1, 2023.

This notice is given for the purpose of terminating your tenancy. You must continue to pay rent as it becomes due until the date indicated above. If you fail to pay that rent, a non-payment eviction action may be instituted against you.

If you fail to vacate the premises by the date specified, an eviction may be instituted against you without further notice. If you believe you have a defense to this termination, you will be able to raise that defense at the court hearing.

Signature Landlord-Owner

Jeffrey Butler
Print Name Landlord-Owner

2077 Elmwood Avenue, Warwick, RI 02888
Address Landlord/Owner

hand-delivered not

I hereby certify that I placed in regular U.S. Mail, First Class postage prepaid, a copy of this notice addressed to the tenant on the 29th day of September 2023.

Signature Landlord-Owner

DC-63 (revised January 2023)

15

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

# EXHIBIT B

16

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM    Document 27-5    Filed 06/01/26    Page 28 of 46 PageID #: 746

## CITY OF PAWTUCKET
### CITY HALL
### 137 ROOSEVELT AVENUE
### PAWTUCKET, RHODE ISLAND 02860

### DIVISION OF ZONING & CODE ENFORCEMENT

DONALD R. GREBIEN
MAYOR

### NOTICE OF VIOLATION

As a result of a complaint received by this office, an inspector of this division conducted an on-site inspection of your property and determined that there were violations of the State Property Maintenance Code, which are described in this notice.

The law requires that the violations specified must be corrected by the expiration date indicated on the report, unless you file a written request for a hearing. You can request a hearing if you feel that the citation is not correct, or you do not understand the citation, or the time given by the inspector to correct the violations is not sufficient, or if there are other circumstances that you wish to bring to our attention.

Please take note of the form enclosed (Request for Hearing Before the Director) which must be filled out, signed and returned to this office within ten (10) days of the date you receive this notice of violation. There is no cost involved in requesting the hearing, and you will not have to make the corrections until a decision is made on your appeal.

If you do not request a hearing, the inspector will visit the property again the day after the expiration date, and if the violations are not corrected, you will receive a second notice with a new expiration date. There will be further instructions with that notice concerning additional hearing rights, etc.

Once you have corrected the violations you must make arrangements with this department to have the Inspector confirm that they have been corrected, since we cannot terminate any case until corrections are confirmed. This may require you to admit the inspector to the premises or a specific apartment, this inspection must be done with the tenant's permission.

Although there have been times when it has been necessary to send a city lawsuit to property owners who fail to comply with these notices, it is our hope that we will receive your cooperation and avoid any such action.

I must further inform you that Section 107.3.5 of the State Property Maintenance Code prohibits transfer of property ownership where a notice of violation has been sent unless certain conditions have been met, therefore if you are considering a sale of the property, please contact this office, so we can explain what you are required to do.

If you have any further questions, please call AnnMarie Salari at 728-0500 ext. 347. Please have your name and folder number ready. The folder number is found at the top right corner of page 2 of the violation.

Sincerely,

Carl J. Johnson
Director of Zoning

9489 8090 0027 6366 5376 13

(401) 728-0500 • Fax (401) 722-3360 • TDD (401) 722-8299
© Printed on recycled paper

17

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM    Document 27-5    Filed 06/01/26    Page 29 of 46 PageID #: 747



c. HIST 10/16/23JB                                          Folder No.    23-01414

STEPHEN M LITWIN ESQ      RI      Last    ELMWOOD REALTY NORTH LLC

Mailing Address     116 ORANGE STREET
                    PROVIDENCE, RI                          Zip    02903

Location -    134       Street    HARRISON STREET
Plat    52    Lot    0199        Zone

   Issue Date          10/16/2023
   Expiration Date     11/16/2023


Plat No.    52        Lot No.    0199
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   Ordinance
   Section                              Description
   - - - - - - -                        - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   SBC6          —        SEE ATTACHED CHECKLIST FOR DESCRIPTION
                          OF HOUSING CODE VIOLATIONS. ALL ITEMS
                          MARKED "X" REQUIRE CORRECTION BY THE
                          EXPIRATION DATE LISTED ABOVE.

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM    Document 27-5    Filed 06/01/26    Page 30 of 46 PageID #: 748

## General

Floor _2_    Inspector initials _B_    Date _10-13-23_

| | |
|---|---|
| | Bathroom lacks a window of 3 square feet or an approved ventilation system. [403.2] |
| | Living rooms/Sleeping rooms lack the required room area. [404.4.1] |
| | Ceilings in habitable rooms including habitable basements lack req'd ceiling height. [404.3] |
| | Dwelling unit is occupied by more occupants than allowed. [404.5] |
| | Means of egress are not approved. (unsafe; blocked; lack the required number) [404.4.2, 404.4.3, 702.1, 702.2, 702.4] |
| | Efficiency unit fails to meet the minimum requirements for occupancy. [404.6] |
| | Storage space for food is not provided. [404.7] |
| | Interior walls not properly maintained(holes; loose cracks, chipped or flaking paint). 305.3 |
| | Interior stairs/floors not property maintained. (loose; trip, finish, etc.) [305.4] |
| | Interior ceilings not properly maintained. (holes; cracks; loose; flaking paint; missing; sagging) [305.3] |
| X | Interior doors and windows not properly maintained. (broken; missing; flaking paint) [304.13, 304.15, 304.16, 304.17, 304.18, 304.18.1, 304.18.2, 304.18.3, 305.3, 306.4] _IN BEDROOM + Porch Door_ |
| | Interior woodwork/trimwork not properly maintained. (broken; missing; loose; flaking paint) [305.13] |
| X | Pest control required, infestation of _MICE_ [309.1] _NEED A EXTERMINATOR_ |
| | Interior handrail/guardrails not properly maintained. [305.5, 307.1] |
| | Lead based substances are present. [305.3.1, 305.3.5] |
| | Structural members unsound. [304.4, 305.1, 305.2] |

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM     Document 27-5     Filed 06/01/26     Page 31 of 46 PageID #: 749

BY HAMSON 57.

## Plumbing, Heating, Refrigeration, Cooking, Sanitary

Floor _1_   Inspector initials _/B_   Date _____

Water supply/Sewer lines/Fixtures, not properly connected and/or maintained free from defects, leaks, obstructions, damage (504.1, 504.2, 505.1, 505.2, 505.3, 506.1, 506.2)

IN BATHROOM + KITCHEN

Water heating facilities for sink, lav, tub, and/or shower not properly connected or maintained (501.4)

Heating facility not properly maintained, or disconnected. [602.1, 602.2, 602.3, +602.5]

Cooking/Mechanical/Solid Fuel Appliances are not properly connected, maintained [603.1, 603.2, 603.3, 603.4]

Refrigerator not properly connected and/or maintained. [102.2, 404.7]

Kitchen cabinets not maintained in good condition. [404.3]

Bathroom floor covering not maintained impervious to water. [500.4]

Unvented portable space heaters (non-electric) are prohibited. [603.2.1]

Required room temperature is not maintained at 68 degrees minimum. [602.5]

Dwelling unit lacks kitchen sink/toilet/bathtub or shower/hand sink. [502.1]

20

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

134 HARRISON ST.

**General**

Floor _1_    Inspector Initials _/B_    Date _10-13-23_

| | |
|---|---|
| | Habitable rooms are not equipped with at least 1 window which provides 8% of room area with unobstructed light or ventilation. [402.1, 403.1] |
| | Bathroom lack a window of 3 sf or an approved ventilation system. [403.2] |
| | Window and/or door openings lack screens. 304.14] |
| | Duct stems not properly maintained/working. [607.1] |
| | Electrical service not properly maintained/working. [604.4, 605.1] |
| | Habitable rooms lack at least 2 separate convenience outlets and 1 separate light fixture maintained in good condition and properly connected. [605.2, 605.3] |
| | Lighting/switches in common halls & stairs not in working condition. [402.2  605.4] |
| X | Fire/Carbon monoxide detectors non-operational and/or properly attached. System not maintained. [704.1, 704.2]  *BEEPING ALL DAY.* |
| | Fire resistant rating of walls/doors/floors/ceiling not properly maintained. [703.1] |
| | Supplied facility not maintained/removed/disconnected. [102.2, 602.1, 606.1, 102.2] |
| | Elevator/escalator/dumbwaiter not properly maintained/working. [606.1] |

21

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

# EXHIBIT C

22

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

5:20

ReClaimRI  Inbox  ☆

elmwood realty  Oct 13
to bcc: me

To All Tenants,

I want to bring to your attention about a group of people that have been going around to RI rental properties and knocking on doors of tenants calling themselves ReClaimRI. They are not a state agency or funded by the state. I had an opportunity to meet 2 of them today and they refused to tell me where they are funded by. they did not have business cards or any credentials.

They call themselves advocates for tenants which is the furthest from the truth. This group called our office and represented themselves as State Officials which was a lie. There are legitimate well trained professional City, Local, and State Agencies that do a great job representing tenants and landlords including the State of Rhode Island Tenant Landlord Handbook and of course the State Court System.

As a landlord, I encourage you to follow the laws of the State of Rhode Island and read our lease closely so we have complete communication.
If We both follow the Tenant Landlord Handbook and follow the lease we both mutually signed then there is no reason to speak with or interact with the group that call themselves ReclaimRI. They do not appear to have the tenants best interest in mind since they create an adversarial relationship between tenants and landlords. They serve no useful purpose except to create turmoil and they confuse the tenants.

example; I have 2 tenants that were being evicted due to non payment of rent. These tenants in retaliation contacted this group. This group knocked on the doors of the other tenants in the building not telling them the whole story. This group got the other tenants involved in a matter that was not anyone else's business.

I am suggesting that if you want to continue having a long relationship with us, please contact us if you have any issues that we need to address. If you feel you are not getting satisfaction from us then by all means, contact the appropriate agency I noted above but if you make a choice to engage with this ReclaimRI group, I will consider that you

have now dissolved our relationship and when your tenancy is over, we will ask you to vacate.

This group is creating problems with Tenants and Landlords where none exists. They are calling themselves advocates but they do not call the landlord to advocate for the tenants.

Just last week, some undocumented people representing themselves as ReClaimRI visited 2 of my properties and knocked on tenants' doors attempting to get the tenants to say negative things. The tenants did a great job by telling ReClaimRI that they are not speaking with them. The tenants then let our office know. Because they are not any state agency, I am not giving them permission to be on any of my properties. If they are there, then they are trespassing

I hope you understand my position on this and again, I always encourage you to

contact us through tenant cloud or email so there is a record of it.

Thank You, Jeff Butler

Jeffrey Butler
jeff@eprav.com
**Elmwood Property Management**
2077 Elmwood Ave.
Warwick, RI 02888
401-738-5000

← Reply          → Forward

23

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

# EXHIBIT D

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

## TRANSCRIPTION OF VOICEMAIL FROM JEFF BUTLER TO CHERIE CRUZ
## OCTOBER 19 2023

Hi, Cherie, very, very unprofessional voice mail message that you have on there, it doesn't say who you are, who I'm calling, but I know who you are and who I'm calling. This is Jeff Butler from Elmwood Realty and I just want to let you know if any time you talk to any of my tenants, the tenants are gonna get a 30 day notice to vacate the premises. They have all been notified not to talk to you Reclaim RI pot smoking hippies, OK, I've already told them all. I told them to go through the Rhode Island tenant handbook, learn the handbook, go by the law. You folks are not following the law, you're telling my tenants to not follow the law, which is also violating the terms of their lease.

So you are creating problems with these poor tenants, who didn't do anything to deserve this and I'm gonna make sure everybody knows it. And I'm putting you on notice that you talk to my tenants, they give me your name and they will be evicted. I have it in writing to my tenants, I'm putting no solicitation and no trespass notices on every one of my buildings as of today, so you now have that notice. You trespass, they will call the police and let them know that you're trespassing on my property.

So, I hope whatever you are trying to accomplish works for you, but right now you are only hurting tenants. You got two evicted last week, you got one evicted today. And all you do is emptying [sic] out my apartments and I clean them up and I re-rent them to somebody else. And now we're adding to the lease now not to talk to you folks. There's enough agencies that are sanctioned by the state that do the right thing. You folks are not doing the right thing. So why don't you just keep fighting your free pot and your free weed smoking and forget bothering and bullying landlords. I notice you're not going after the big corporations, you're going after the small landlords. Right? That's what bullies do, right? Bullies pick on the smaller people, so you guys are just bullies. You're not licensed, you're not educated, you're not certified. You guys are just a bunch of bums, running around haphazardly, causing problems.

25

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

# EXHIBIT E

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM    Document 27-5    Filed 06/01/26    Page 38 of 46 PageID #: 756

Hi Shana Crandall this is Jeff Butler calling from Elmwood Realty. How ya doin? I understand that you are knocking on my tenants' doors and representing yourself as tenant agents, um and which you're not, okay. You have no credentials. You have no education. You have no certification. You don't work for the State of Rhode Island. So you're misleading my tenants. Um, I've notified my tenants that if you folks bother them and they let me know or you try to help them in any way which you're not, you're hurting them, that they will be asked to move out when their lease is up. Some are on month to month. So you're not helping the tenants at all, you're not advocating for them. You're causing problems because you're making them circumvent the legal system and the systems that are in place by the cities and the State from the inspections.

Okay, you guys might want to get familiar with the Rhode Island tenant landlord handbook. They have twenty days to notify me. If you were truly advocates you would be notifying me that there is a problem instead of taking pictures and sending them to the building inspectors.

So, you're causing problems where problems don't exist. You already caused two tenants to get evicted last week, another one this morning, and as my tenants call me up and I find out that you have spoken with them they all just got slapped [inaudible]. Okay so you are not doing anybody any favors—you are hurting people. You are actually creating homelessness.

So, that being said, you want to keep it up that's fine. I will just get new tenants in those places and my tenants know that if you show up to the properties, you're gonna, there's a no-solicitation order on the building and a no-trespass order for your Reclaim Rhode Island group of hippies, so I suggest you go away. Continue your pot smoking campaign—that seems to be getting you some mileage. So, I think I would work on that rather than making these poor tenants homeless.

27

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

# EXHIBIT F

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM     Document 27-5     Filed 06/01/26     Page 40 of 46 PageID
#: 758



STATE OF RHODE ISLAND AND                    PROVIDENCE PLANTATIONS

## DISTRICT COURT

### NOTICE OF TERMINATION OF TENANCY
(G.L. 1956 § 34-18-37)

| | Date of Mailing 10/19/23 |
|---|---|
| Name: Robin and Fabian Rivera | |
| Address: 136 Harmon Street Unit 14 | |
| City: Pawtucket | State: RI | Zip Code: 02860 |

You are hereby directed to vacate and remove your property and personal possessions from the premises located at 136 Harmon Street, Unit 14 Pawtucket, RI 02860 and deliver control of the premises to the Landlord Owner on the first day after the end of your current rental period, namely January 1, 2024

This notice is given for the purpose of terminating your tenancy. You must continue to pay rent as it becomes due until the date indicated above. If you fail to pay that rent, a non-payment eviction action may be instituted against you.

If you fail to vacate the premises by the date specified, an eviction may be instituted against you without further notice. If you believe you have a defense to this termination, you will be able to raise that defense at the court hearing.

Signature Landlord Owner

Jeffrey Butler
Print Name Landlord Owner

2017 Elmwood Avenue, Warwick, RI 02888
Address Landlord Owner

I hereby certify that I placed in regular U.S. Mail, First Class postage prepaid, a copy of this notice addressed to the tenant on the 19th day of October 2023

Signature Landlord Owner

DC-63 (revised November 2014)

EvictionNotice.com

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM    Document 27-5    Filed 06/01/26    Page 41 of 46 PageID #: 759

# EXHIBIT G

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM     Document 27-5     Filed 06/01/26     Page 42 of 46 PageID #: 760



Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM     Document 27-5     Filed 06/01/26     Page 43 of 46 PageID
#: 761

**Pawtucket Police Department**
NARRATIVE FOR PATROL OFFICER ALEXANDER CAMPBELL
Ref: 23-5626-OF                                              Page: 1

On 10/19/23 at approximately 1600 hours, I, Ofc. Campbell (207, bwc), responded to 136 Harrison St Apt. #14 for a report of harrassment from a landlord.

Upon my arrival, I met with Esteven Rivera and                     . They were accompanied by                     who is an investigator with                     and also a state representative for the city of Pawtucket. Esteven and                     stated the following: they have been having fire code issues with their apartment. The issues revolve around the lack of a working carbon monoxide monitor. They reported the issue to the Pawtucket Fire Dept. who were able to resolve the issue. They were contacted by the landlord,                     , at a later time who voiced his displeasure with Esteven and                     for notifying the fire marshall about the issue. Today, at approximately 1500 hours, 5 men came to their door and announced themselves as employees of                     , which is                     property management company. These men provided Esteven and                     with an eviction notice and told them that they have 30 days to vacate the residence. They advised me that there was no member of the RI Sheriffs Dept. present for this.

I looked at this eviction notice that Esteven was issued. It appeared to be a photocopied District Court form that did not have any current stamp from a judge.

Esteven and                     feel that this eviction notice is illegitimate and is a retaliation tactic by                     , who was unhappy for having his misconduct as a landlord reported.

This is a civil issue, I was advised that this is being reported to the District attorney's office. Esteven and                     acknowledged that they would call the police if these men showed up again. Report generated for documentation purposes.

32

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

# EXHIBIT H

Case Number: 6CA-2024-00134
Filed in 6th Division District Court
Submitted: 1/2/2024 10:16 AM
Envelope: 4424401
Reviewer: Briana Pezzullo

Case 1:25-cv-00323-JJM-AEM    Document 27-5    Filed 06/01/26    Page 45 of 46 PageID #: 763



## DISTRICT COURT
### NOTICE OF TERMINATION OF TENANCY
(G.L. 1956 § 34-18-37)

Name: KRYSTIE WOOD

Date of Mailing: 11-7-23

Address: 71 ROBERTS STREET APT 4

City: WEST WARWICK    State: RHODE ISLAND    Zip Code: 02893

You are hereby directed to vacate and remove your property and personal possessions from the premises located at 71 ROBERTS STREET APT 4, WEST WARWICK, RI 02893 and deliver control of the premises to the Landlord/Owner on the first day after the end of your current rental period, namely JANUARY 1, 2024

This notice is given for the purpose of terminating your tenancy. You must continue to pay rent as it becomes due until the date indicated above. If you fail to pay that rent, a non-payment eviction action may be instituted against you.

If you fail to vacate the premises by the date specified, an eviction may be instituted against you without further notice. If you believe you have a defense to this termination, you will be able to raise that defense at the court hearing.

JEFFREY BUTLER
Print Name Landlord/Owner

2077 ELMWOOD AVENUE, WARWICK RI 02889
Address Landlord/Owner

I hereby certify that I placed in regular U.S. Mail, First Class postage prepaid, a copy of this notice addressed to the tenant on the 7th day of NOVEMBER 2023



# STATE OF RHODE ISLAND JUDICIARY

## STIPULATION

☐ SUPREME COURT     ☐ SUPERIOR COURT     ☐ FAMILY COURT     ☐ DISTRICT COURT

☐ WORKERS' COMPENSATION COURT     ☐ RHODE ISLAND TRAFFIC TRIBUNAL

☐ Providence/Bristol County or Sixth Division   ☐ Washington County or Fourth Division
☐ Kent County or Third Division ☐ Newport County or Second Division

| Plaintiff<br>Krystie Wood & Jordan Towns | Civil Action File Number or<br>Summons Number<br>6CA-2024-00134 |
|---|---|
| Defendant<br>Jeffrey Butler & Elmwood Realty | |

In the above-entitled cause it is agreed that the following entry be made:

~~In exchange for the stipulation agreed to in 6CA-2024-00855~~, Plaintiff Jordan Towns agrees to dismissal of his claims against Defendants which are currently pending in 6CA-2024-00134. This notice of dismissal is submitted pursuant to Dist. Ct Rule. 41(a)(1)(B), with prejudice

Jordan Towns — John Karwashan Gn behalf of Jordan Towns

| Attorney for the Plaintiff or the Plaintiff<br>/s/ John Karwashan | Attorney for the Defendant or the Defendant<br>/s/ |
|---|---|
| Rhode Island Bar Number:9516 | Rhode Island Bar Number: 9516 |
| Address: 1 Empire Plaza, Suite 410<br>Providence, RI 02903 | Address: 1 Empire Plaza, Suite 410<br>Prov RI 02903 |
| Office Telephone Number:401-249-0049 | Office Telephone Number: 401 249 0049 |
| Date:5/8/24 | Date: 5/9/24 |

/s/ _____ 5/9/24
Judicial Officer                              Date

CC-3 (revised January 2023)